[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 99-1749

UNITED STATES,

Appellee,

v.

ORLANDO ESCALERA, a/k/a CHINO, a/k/a FRANCISCO A. LINEROS,
a/k/a MARCOS LUIS FONTANEZ RODRIGUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Boudin, Stahl, and Lipez,
Circuit Judges.

Charles W. Groce, III for appellant.
Kevin J. Cloherty, Assistant United States Attorney, with
whom Donald K. Stern, United States Attorney, was on brief for
appellee.

April 25, 2000

**STAHL, Circuit Judge**. The Defendant, Orlando Escalera, appeals the sentence he received after pleading guilty to various drug-related offenses. For the following reasons, we affirm.

## I.

### Background

On October 9, 1997, a grand jury indicted Escalera, Tonya Laythe, Scott Gilley, and Rolando Cartagena on a number of drug-trafficking charges. Escalera faced one count of conspiring to possess with intent to distribute cocaine, see 21 U.S.C. § 846, as well as nine counts of possessing with intent to distribute and distributing cocaine, see id. § 841(a)(1).

On March 26, 1998, Escalera pleaded guilty to all counts. Consistent with Rule 32 of the Federal Rules of Criminal Procedure, a probation officer prepared a presentence report ("PSR") that described the crimes that Escalera had committed and also discussed his personal background. See Fed. R. Crim. P. 32(b)(4). After considering the PSR, hearing arguments from counsel, and giving the defendant the opportunity to speak, the district court sentenced Escalera to seventy months in prison plus five years of supervised release and a $1000 special assessment.

Under the United States Sentencing Guidelines ("the Guidelines"), the district court arrived at this sentence using a base offense level of twenty-six, see U.S.S.G. § 2D1.1(c)(7), with a two-level increase because Escalera's crimes involved an underage individual, see id. § 2D1.2(a)(1) ("the underage enhancement"), and a two-level increase to reflect Escalera's role in those offenses, see id. § 3B1.1(c) ("the role enhancement"). The court also reduced Escalera's offense level by three, finding acceptance of responsibility. See id. § 3E1.1(b). On appeal, Escalera challenges both of the sentencing enhancements by the district court.

## II.

Escalera now contends that the district court should not have increased his base offense level to reflect the involvement of an underage individual pursuant to § 2D1.2(a)(1) of the Guidelines, even though he did not challenge this enhancement at sentencing. In fact, when the district court sought to confirm that the enhancement was appropriate, Escalera's attorney explicitly said, "[y]es." Under these circumstances, any objections to the enhancement have been forfeited. See United States v. Pilgrim Market Corp., 944 F.2d 14, 21 (1st Cir. 1991). We will uphold the trial court's decision to apply the enhancement unless that decision

-4-

constitutes a plain error that affects substantial rights and that would "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings" if left unredressed. Johnson v. United States, 520 U.S. 461, 467 (1997) (citations and internal quotation marks omitted).

Given this standard of review, we turn to the merits. Section 2D1.2(a)(1) of the Guidelines prescribes a two-level increase to the base offense level of a defendant who involves an underage individual in a drug-related offense. Although Escalera argues that this provision applies only to some drug-related crimes and not to others, such as the ones to which he pleaded guilty, he concedes that another section of the Guidelines would have provided an alternative basis for the same sentencing enhancement. See U.S.S.G. § 3B1.4 (prescribing a two-level enhancement if the defendant "used or attempted to use a person less than eighteen years of age" in the commission of an offense). Whether supported by § 2D1.2 or § 3B1.4 of the Guidelines, it is evident that the district court had the authority to increase Escalera's offense level by two if he used someone under eighteen years old to commit the crimes at issue.

During Escalera's plea colloquy, the government made an offer of proof that from at least May 5, 1997 through September 29, 1997, Escalera, Laythe, and Gilley had conspired

to traffic cocaine and had sold at least 599.6 grams of cocaine in nine transactions to an undercover police officer. The government specifically represented that Laythe was under eighteen years old during part of this time and that she had "sold cocaine with and at the direction of Mr. Escalera." Escalera's PSR similarly stated that Laythe, who "was less than 18 years old for each of the cocaine transactions described in Counts 2 through 8" of the Indictment, had "sold cocaine with and at the direction of defendant Escalera." Although Escalera provided the district court with a letter maintaining that Laythe sometimes had sold drugs on her own, he never disputed that she sometimes had sold drugs under his direction while she was under eighteen.

On these facts, the district court properly concluded that Escalera had used someone under eighteen years old in the commission of an offense, thereby warranting a two-level increase in his base offense level. There was no plain error. See Johnson, 520 U.S. at 467.

## III.

Escalera also argues that the district court erred in applying the role in the offense enhancement to his sentence. Before reaching the merits of this claim, we again must consider

-6-

whether Escalera has preserved the issue for full appellate review.

Before Escalera pleaded guilty, the government made an offer of proof that detailed his involvement in the drug-trafficking conspiracy. In particular, the government represented that from at least May 5, 1997 through September 29, 1997:

> Laythe sold cocaine with and at the direction of Mr. Escalera. Mr. Escalera arranged for the receipt of cocaine from his source, and Laythe would make and receive telephone calls to arrange the sale of that cocaine and then deliver the cocaine to customers. Laythe received payment for the cocaine which she then gave to Escalera, and she acted on his behalf as an interpreter.

When asked, Escalera advised the district court that he agreed with this proffer and that he had nothing to add to it.

Escalera's PSR confirmed that Escalera had been the "decision-maker and leader of the conspiracy." It also indicated that Escalera had directed not only Laythe but also Gilley, Cartagena, and an unnamed source of their cocaine supply. Because the conspiracy appeared to involve five participants, the PSR urged the district court to apply a four-level enhancement to Escalera's base offense level. See U.S.S.G. § 3B1.1(a) (prescribing a four-level increase "[i]f the

defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive").

Rather than challenging whether he had played a leadership role in the conspiracy, Escalera merely argued that a two-level instead of a four-level role enhancement was appropriate because it was unclear exactly how many other participants he had organized or supervised in addition to Laythe and Gilley. See U.S.S.G. § 3B1.1(c) (prescribing a two-level increase "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" and less than five participants were involved). The government agreed with Escalera's position, and the district court accepted it, imposing only a two-level role enhancement.

By asking the district court to impose a two-level role enhancement at sentencing, Escalera almost certainly waived his right to object to that enhancement on appeal. See United States v. Mitchell, 85 F.3d 800, 807 (1st Cir. 1996) ("A party waives a right when it makes an intentional relinquishment or abandonment of it." (citations and internal quotation marks omitted)). But even if Escalera's position at sentencing fell short of an actual waiver, he unquestionably forfeited his objections to the enhancement by failing to raise them until

now. As a result, we review the propriety of the two-level role enhancement only for plain error. See Johnson, 520 U.S. at 467.

Escalera's PSR supported the conclusion that the defendant had been involved in a drug-trafficking conspiracy in which he controlled a source of supply and directed Laythe, Gilley, and possibly others to sell cocaine on his behalf. Although Escalera argued that Laythe and Gilley sometimes had sold cocaine for their own benefit, he did not dispute that they sometimes had sold drugs under his direction. Thus, in the absence of any meaningful evidence to the contrary, the district court was free to credit the PSR insofar as it suggested that Escalera had played a leadership role in the conspiracy. See United States v. Morillo, 8 F.3d 864, 872 (1st Cir. 1993) ("Facts contained in a presentence report ordinarily are considered reliable evidence for sentencing purposes."). Having made the requisite factual findings, the district court properly applied a two-level role enhancement under § 3B1.1(c) of the Guidelines. There was no plain error. See United States v. Graciani, 61 F.3d 70, 75 (1st Cir. 1995) ("[B]attles over a defendant's status and over the scope of the criminal enterprise will almost always be won or lost in the district court.").

## IV.

## Conclusion

For the foregoing reasons, we affirm the district court's sentence.

**Affirmed.**